**UNPUBLISHED OPIONIONS CITED IN PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF TEMORARY RESTRAINING ORDER (DKT. #9)**

       Pursuant to the Court's Case Procedures re: Motions and Memoranda of Law, Citations, attached please find the following unpublished opinions citing in the memorandum (Dkt. #9) in Westlaw format, if available:

1. *Coach, Inc., et al. v. Does 1-100*, No. 1:12-cv-8963 (N.D. Ill. Nov. 15, 2012)
2. *Cycling Sports Group Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 21-1982) (N.D. Ill. Apr. 26, 2021)
3. *Cycling Sports Group, et al. v. Does 1-100*, No. 19-cv-5471 (N.D. Ill. Aug. 27, 2019)
4. *Ink & Rags, LLC v. The Partnerships listed on Schedule A*, No. 22-cv-07292 (N.D. Ill. Dec. 28, 2022)
5. *Peanuts Worldwide LLC v. The Partnerships listed on Schedule A*, No. 1:21-cv-05863 (N.D. Ill. Nov. 10, 2021)

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8963 | **DATE** | 11/15/2012 |
| **CASE TITLE** | COACH, INC., et al. Vs. DOES 1 - 100, et al. | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Plaintiffs' Ex Parte motion for entry of a (1) temporary restraining order, (2) domain name transfer order, (3) asset restraining order, (4) expedited discovery order and (5) service of process by email and electronic publication order [11] is granted. Plaintiffs' motion to exceed page limitation [12] is granted. Plaintiffs' motion for leave to file under seal [13] is granted. Schedule A to the complaint and exhibits 2 and 3 to the Declaration of Ethan Lau shall remain sealed until further order of court. Plaintiffs shall deposit with the Clerk of the Court $10,000.00 as security. Status hearing set for 11/29/2012 at 9:30 am. Enter Sealed Order.

■ [ For further detail see separate order(s).]

Notices mailed by Judicial staff.

00:19

| | Courtroom Deputy Initials: | JHC |
|---|---|---|

12C8963 COACH, INC., et al. Vs. DOES 1 - 100, et al.

Page 1 of 1

No.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Cycling Sports Group, Inc. | ) | |
| | ) | Case No. 19-cv-5471 |
| | ) | |
| v. | ) | Judge:        Hon. Charles P. Kocoras |
| | ) | |
| THE PARTNERSHIPS and | ) | Magistrate:    Hon. Young B. Kim |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| | ) | |

## SEALED *EX PARTE* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

Plaintiff, Cycling Sports Group, Inc. ("Plaintiff"), having filed its complaint for Federal Trademark Counterfeiting and Infringement, Unfair Competition and False Designation of Origin, and claims under the Illinois Uniform Deceptive Trade Practices Act, and having moved *ex parte* for a Temporary Restraining Order and other relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. Pro. 65, and the Court having considered the complaint, declarations, exhibits, and memorandum of law filed in support, finds as follows:

1. This Court has subject matter jurisdiction over the subject matter of this case;

2. This Court has good cause to believe the Court will have jurisdiction over the parties;

3. There is good cause to believe that the Defendants, identified in the Complaint (document #1) and Schedule A attached hereto have engaged in, and are likely to continue to engage in acts and practices that violate the Lanham Act, 15 U.S.C. §1114(1), false designation of origin claim under 15 U.S.C. §1125(a), and the Illinois Uniform Deceptive Trade Practice Act, 810 ILCS 510.

1

4. There is good cause to believe that immediate and irreparable injury will occur to the Plaintiff, will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets and business records unless Defendants are immediately restrained and enjoined by order of this Court.

5. There is good cause to for issuing this Order pursuant to Federal Rule of Civil Procedure 65(b).

6. A bond, in the form of cash, cashier's check, or surety, is to be filed in the amount of $**10,000.00**, with the Court.

**It is therefore Ordered:**

I. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

a. using the  trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Cycling Sports Group, Inc. product or not authorized by Plaintiff to be sold in connection with the CANNONDALE Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Cycling Sports Group, Inc. product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Cycling Sports Group, Inc. and approved by Plaintiff for sale under the CANNONDALE Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of Cycling Sports Group, Inc., or are sponsored by, approved by, or otherwise connected with Cycling Sports Group, Inc.;

d. further infringing the CANNONDALE trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the CANNONDALE trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the infringing webstores, websites, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

II. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

a. Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' infringing webstores or websites, and/or Defendants' assets and operation; and

b. Removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' infringing webstores, websites, assets, operations, or relating in any way to the manufacture, acquisition,

purchase, distribution or sale of Counterfeit Products, or any reproduction, copy or colorable imitation of the CANNONDALE trademarks.

III. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) their financial accounts, including but not limited to all Amazon, eBay, Wish, Tophatter, Ali Express, Alibaba, PayPal, Western Union, Payoneer, Worldfirst, etc., accounts; and (d) the steps taken by each Defendant to comply with paragraphs 1(a)–(i) and 2(a)–(b), above.

IV. Plaintiffs may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following parties: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Amazon, eBay, Wish, Tophatter, Ali Express, AliBaba, PayPal, Inc., Western Union, Payoneer, Worldfirst, etc. or other merchant account providers, payment provider, third party processors, credit card associations (i.e. MasterCard and VISA) that receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants (collectively, "Third Party Providers") shall, within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

a. The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' infringing webstores websites and financial accounts;

     b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the infringing websites and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to the infringing websites;

     c. Defendants' infringing webstores, websites and any domain name registered by Defendants; and

d. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Amazon, eBay, Wish, Tophatter, Ali Express, Alibaba, PayPal, Inc., Western Union, Payoneer, Worldfirst, or other merchant account providers, payment providers, third party processors, and credit card associations (i.e., MasterCard and VISA).

     X. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

XI. Amazon, eBay, Wish, TopHatter, Ali Express, Alibaba, and their affiliates shall, within two (2) business days of receipt of this Order, block any money transfers and funds from being transfered by the Defendants identified in Schedule "A" until further ordered by this Court.

XII. PayPal, Inc., Payoneer, Worldfirst ("Payment Processors") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' infringing websites:

a. locate all accounts and funds connected to Defendants and the infringing websites, including, but not limited to, any Payment Processor accounts connected to the information listed in Schedule "A" hereto and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds that are non-U.S. based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

XIII. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' infringing websites, shall within two (2) business days of receipt of this Order:

a. locate all accounts and funds connected to Defendants and the infringing websites, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds that are based in foreign jurisdictions, including but not limited to China and Hong Kong, from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

XIV. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by by sending an e-mail to the e-mail addresses provided for Defendants by third parties hosting their webstores, such as Amazon, eBay, Wish, Tophatter, Ali Express, Alibaba, etc. The Clerk of the Court is directed to issue a single original summons in the name of "Chen Super Store Welcome and all other Defendants identified in the Complaint" that shall apply to all Defendants. Providing notice via e-mail, along with any notice that Defendants receive from webstore hosts and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

XV. This Order shall apply to the infringing webstores, websites and any other domain names properly brought to this Court's attention and verified by sworn affidavit that verifies such new webstores or domain names are being used by Defendants for the purpose of counterfeiting the CANNONDALE trademarks at issue in this action and/or unfairly competing with Plaintiff.

XVI. Upon two (2) days' written notice Plaintiff or on shorter notice as set by this Court, any Defendant may, upon proper showing, appear and move to dissolve or modify this Order upon an appropriate evidentiary showing by Defendant.

This Temporary Restraining Order without notice is entered at 9:30A.M. on this 20th day of August, 2019 and shall remain in effect until Tuesday, September 3, 2019 at 9:30A.M., at which time the Plaintiff's Motion for a Preliminary Injunction shall be heard.

Dated:  8/27/2019

By: _____

Hon. Charles P. Kocoras

7

**No.3**

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.1
### Eastern Division

Cycling Sports Group, Inc, et al.

 Plaintiff,

v. Case No.: 1:19−cv−05471

 Honorable Charles P. Kocoras

 Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, September 10, 2019:

 MINUTE entry before the Honorable Charles P. Kocoras: Status hearing held. Counsel for Plaintiff appeared by phone. Oral motion to extend the temporary restraining order until 9/24/2019 is granted. Status hearing is set for 9/24/2019 at 9:30 a.m. Mailed notice(vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
### Eastern Division

Ink & Rags LLC

                                                  Plaintiff,

v.                                                    Case No.:
1:22–cv–07292

                                                    Honorable Mary M.
Rowland

Partnerships and Unincorporated Associations
Identified on Schedule A, The

                                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, January 9, 2023:

        MINUTE entry before the Honorable Mary M. Rowland: (Recreation of Dkt. [19] due to system error.) Plaintiff's ex parte motion for entry of a temporary restraining order, a temporary asset restraint, and expedited discovery 12, and motion for electronic service of process 16 are granted. Sealed Temporary Restraining Order to follow. Plaintiff is directed to send a proposed temporary restraining order to the court's proposed order mailbox at Proposed_Order_Rowland@ilnd.uscourts.gov. Telephonic status hearing set for 1/23/23 at 9:00am. Counsel shall call 866–434–5269; access code 3751971. Mailed notice. (dm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

INK & RAGS LLC,
a Nevada limited liability company,

        Plaintiff,                        Case No.: 22-cv-7292

             v.                         Hon. Mary M. Rowland

THE PARTNERSHIPS and UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
"A",

        Defendants.

_____

## SEALED TEMPORARY RESTRAINING ORDER

Plaintiff Ink & Rags LLC ("Plaintiff" or "Ink & Rags") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, Temporary Asset Restraint, and Expedited Discovery (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in the Amended Schedule A to the Complaint [ECF No. 11] (collectively, "Defendants") and using at least the Seller Aliases identified in the Amended Schedule A (the "Seller Aliases") and the online marketplace accounts identified in the Amended Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion in part as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and

counterfeit versions of Plaintiff's federally registered trademark (the "INK & RAGS Mark") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using counterfeit versions of the INK & RAGS Mark. See ECF No. 15, which includes screenshot evidence confirming that each Defendant internet stores does stand ready, willing, and able to ship its counterfeit versions of the INK & RAGS Mark. Details as to the INK & RAGS Mark is included in the chart below.

| Registration Number | Trademark | Registration Date | Goods/Services |
|---|---|---|---|
| 5,201,243 |  | May 9, 2017 | IC 035: Operating an on-line shopping site in the field of items for the home |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Saralyn McGregor in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

a. using the INK & RAGS Mark or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Ink & Rags product or not authorized by Plaintiff to be sold in connection with the INK & RAGS Mark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Ink & Rags product or any other product produced by Ink & Rags, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the INK & RAGS Mark;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. manufacturing, shipping, delivering, importing, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the INK & RAGS Mark.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Plaintiff is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with

them, including all known contact information and all associated e-mail addresses; and

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. Any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc. ("PayPal"), Stripe, Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associated (e.g. MasterCard and VISA).

4. The domain name registries for the Defendants, including but not limited to VeriSign, Inc., Neustar, Inc., Afilas Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including but not limited to Name.com, Inc. Domains By Proxy, LLC, Alibaba.com Singapore E-Commerce Private Ltd., NameCheap, Nhan Hoa Software Company, Ltd., Dynadot, LLC, Sav.com LLC, MarkMonitor Inc. PublicDomainRegistry.com, and NameSilo, LLC, within seven (7) calendar days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

5.  Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Defendants' Online Marketplaces, including, without limitation, the above-named domain name registrars and any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Wish.com, and Dhgate (collectively the Third Party Providers") shall within seven calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a.  the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b.  the nature of Defendants' operations and all associated, sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and the Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c.  any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Stripe, Payoneer, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6.      Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 5, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the INK & RAGS Mark.

7.      Any Third Party Providers, including PayPal, Stripe, Payoneer, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a.   Locate all accounts and funds connected to Defendants Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendants by third parties; and,

   b.   Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

8.      Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses provided for Defendants by third parties or provided on the relevant Online Marketplace for each Seller Alias. The Clerk of the Court is directed to issue a single original summons in the name of "ragsdiscount.com and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice

reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9.      Plaintiff must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

10.     Plaintiff's Amended Schedule A to its Complaint [ECF No. 11], Exhibit 2 to the McGregor Declaration [ECF No. 15], and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

11.     Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court Ten Thousand Dollars ($10,000.00), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of wrongful restraint hereunder.

12.     Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

13.     This Temporary Restraining Order without notice is entered at 4:00 P.M. on this day of January 10, 2023 and shall remain in effect for fourteen (14) calendar days.

_Mary M Rowland_
_____
Hon. Mary M. Rowland
United States District Court Judge

## SCHEDULE A

| No. | Defendant Name/Alias | No. | Defendant Name/Alias |
|---|---|---|---|
| 1 | ragsdiscount.com | 2 | cozysign.com |
| 3 | ushaarts.com | 4 | fashionstoreaz.com |
| 5 | metalpigeon.com | 6 | tagotee.com |
| 7 | ergoteacher.com | 8 | pawcozi.com |
| 9 | colinstore.com | 10 | coveria.co |
| 11 | memphis-art.myshopify.com | 12 | OMITTED |
| 13 | ecomra.com | 14 | coolerprint.com |
| 15 | https://thekostenfamilys.com/ | 16 | https://teresatrancososhirt.com/ |
| 17 | https://puppyprinty.com/ | 18 | https://www.thealliancesshop.com/ |
| 19 | https://www.bidreader.com/ | | |

| No. | Online Marketplace | No. | Online Marketplace |
|---|---|---|---|
| 1 | ragsdiscount.com | 2 | cozysign.com |
| 3 | ushaarts.com | 4 | fashionstoreaz.com |
| 5 | metalpigeon.com | 6 | tagotee.com |
| 7 | ergoteacher.com | 8 | pawcozi.com |
| 9 | colinstore.com | 10 | coveria.co |
| 11 | memphis-art.myshopify.com | 12 | OMITTED |
| 13 | ecomra.com | 14 | coolerprint.com |
| 15 | https://thekostenfamilys.com/ | 16 | https://teresatrancososhirt.com/ |
| 17 | https://puppyprinty.com/ | 18 | https://www.thealliancesshop.com/ |
| 19 | https://www.bidreader.com/ | | |

**No.5**
## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Peanuts Worldwide LLC

                                      Plaintiff,

v.                                       Case No.:
                                       1:21−cv−05863
                                       Honorable Andrea R.
                                       Wood

The Partnerships and Unincorporated Associations
Identified on Schedule "A"

                                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, November 10, 2021:

      MINUTE entry before the Honorable Andrea R. Wood: Telephonic motion
hearing held on 11/10/2021. For the reasons stated on the record, Plaintiff's motion for
leave to file under seal [3], ex parte motion for entry of a temporary restraining order,
including a temporary injunction, a temporary asset restraint and expedited discovery [13],
and motion for electronic service of process pursuant to Fed. R. Civ. P. 4(f)(3) [18] are
granted. Enter Sealed Temporary Restraining Order. The Temporary Restraining Order is
entered effective 9:15 a.m. on 11/10/2021 and shall expire in fourteen (14) days. The
Clerk shall maintain the following documents under seal until further order of the Court:
Schedule A to the complaint [2] and Parts 1−4 of Exhibit 4 to the Declaration of Carrie J.
Dumont [17]. Any motion to extend the Temporary Restraining Order shall be filed by
11/19/2021. It is further ordered that Plaintiff shall deposit with the Court ten thousand
dollars ($10,000.00) as security, determined adequate for the payment of such damages as
any person may be entitled to recover as a result of a wrongful restraint hereunder.
Telephonic status hearing set for 11/29/2021 at 10:00 AM. To ensure public access to
court proceedings, members of the public and media may call in to listen to telephonic
hearings. The call−in number is (888) 557−8511 and the access code is 3547847. Counsel
of record will receive an email 30 minutes prior to the start of the telephonic hearing with
instructions to join the call. Persons granted remote access to proceedings are reminded of
the general prohibition against photographing, recording, and rebroadcasting of court
proceedings. Violation of these prohibitions may result in sanctions, including removal of
court−issued media credentials, restricted entry to future hearings, denial of entry to future
hearings, or any other sanctions deemed necessary by the Court. Mailed notice (dal, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.