IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------------------X

TEDDY STRATFORRD APPAREL LLC, and BRYAN DAVIS

                Plaintiffs,

-against-

THE ENTITIES Listed on EXHIBIT 1

                Defendants.

------------------------------------------------------------------------X

Civil Action No.: 1:23-cv-10799

Hon. Judge Andrea R. Wood
Mag. Judge Gabriel A. Fuentes

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(2)**

Jacob Chen, Esq.
DGW Kramer LLP
One Rockefeller Plaza, Suite 1060
New York, NY 10020

Defendants bless-eternity.com; brightmeteors.com; bulk-supplement.com; cleverwhalego.com; coherentm.com; converselyt.com; easy-cheap-go.com; elisastuff.com; embroideryn.com; fairytaleorama.com; formlurgous.com; funinyo.com; generallyt.com; institutionk.com; musicianp.com; tenderplanets.com; tonal-diamond.com; unfolbatle.com; validityi.com; vigourgagem.com; winterduet.com ("Defendants") by and through their attorneys Jacob Chen and DGW Kramer LLP, respectfully submit this memorandum of law in opposition to Plaintiffs' motion for a preliminary injunction.

## PRELIMINARY STATEMENT

Defendants oppose Plaintiffs' motion for a preliminary injunction on multiple grounds.

Defendants are in alignment with all other defendants who have appeared in this case, and have challenged Plaintiffs' copyright, trademark, patent, and publicity claims. Plaintiffs' lawsuit has little to do with the protection of intellectual property or reputation. It is instead a shakedown effort, making use of ambiguous and generic photos and designs, alongside aggressive litigation that has resulted in the freezing of tens if not hundreds of millions of dollars in assets, in order to then extort defendants for settlement payments vastly exceeding anything which Plaintiffs would have been entitled to as a matter of equity should they prevail.

In addition, some of the Defendants herein have made *zero* sales of allegedly infringing products in the State of Illinois, meaning that they are not subject to personal jurisdiction in this forum. For these defendants, Plaintiffs' case should be dismissed entirely, and no valid preliminary injunction may be entered into against them.

Furthermore, all the Defendants have already permanently voluntarily discontinued the sale of the allegedly infringing goods means that there is neither any irreparable harm nor the

lack of an adequate remedy at law which would warrant the issuance of continued injunctive relief. Some of these defendants are also Hong Kong based entities, which as a common law jurisdiction at which United States judgments are routinely enforced, further undermines Plaintiffs' ability to claim either irreparable harm or lack of an adequate remedy at law.

Lastly, even if some form of injunctive relief is warranted, the complete freeze of Defendants' *entire* PayPal accounts are completely unwarranted. The amount that should remain frozen, if any at all, should be proportional to and reflective of the actual volume of actual allegedly infringing goods sold by Defendants, in accordance with the maximum equitable relief Plaintiffs could receive if they prevail at trial. Any consideration of maximum legal relief, as opposed to equitable relief, damages on that front is not permitted.

For these reasons, Defendants oppose Plaintiffs' motion for a preliminary injunction and also cross-move, seeking dismissal of this action with respect to Defendants that have made no sales in this forum, pursuant to Fed. R. Civ. P. 12(b)(2).

### I. CERTAIN DEFENDANTS HAVE ZERO SALES IN THIS FORUM

Attached as Exhibit A are sales records for the Defendants, as attested to in the annexed declarations.

Pursuant to said records, the following domain names show *zero* sales of the allegedly infringing products in Illinois: bulk-supplement.com, cleverwhalego.com, easy-cheap-go.com, brightmeteors.com, tenderplanets.com, vigourgagem.com, validityi.com, fairytaleorama.com, elisastuff.com, funinyo.com, musicianp.com, bless-eternity.com, coherentm.com, embroideryn.com, formlurgous.com, generallyt.com, unfolbatle.com, and converselyt.com.

To the extent that one company may maintain one or more domain names, the specific

2

*companies* with zero Illinois sales of the allegedly infringing goods are: Shenzhen Aaili Network Technology Co., Ltd. (which maintains the domain names elisastuff.com and funinyo.com), Mind E-commerce Co., Limited (which maintains the domain name musicianp.com), Chaozhou Baicongheng Network Technology Co., Ltd. (which maintains the domain name coherentm.com), Dongguan Huizheng E-Commerce Co., Ltd. (which maintains the domain name embroideryn.com), and Amgo Technology Co., Limited (which maintains the domain names formlurgous.com, generallyt.com, and unfolbatle.com).

Fed. R. Civ. P. 12(b)(2) allows for dismissal of a complaint for lack of personal jurisdiction. While a plaintiff is not required to anticipate a personal jurisdiction challenge in the complaint, "once challenged, the plaintiff bears the burden of demonstrating personal jurisdiction." *Chenyan v. P'ships & Unincorporated Associations Identified on Schedule "A"*, No. 20 cv 00221, 2021 U.S. Dist. LEXIS 86934, at *5 (N.D. Ill. May 6, 2021). "When a defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Shanahan v. National Auto Protection Corp.*, No. 1:19-cv-03788, 2020 U.S. Dist. LEXIS 101031, at *4 (N.D. Ill. June 9, 2020).

Here, Defendants challenge, by declaration, that the aforementioned specific defendants are not subject to personal jurisdiction.

In *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'n Identified on Schedule A*, No. 20-cv-5338, 2021 U.S. Dist. LEXIS 40755, at *10 (N.D. Ill. Mar. 4, 2021), this Court granted defendant's motion to dismiss when defendant averred that it had made no sales to Illinois residents, and plaintiff provided no evidence to rebut defendant's claims. Likewise in *Advanced*

3

*Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) the Seventh Circuit, on an appeal primarily concerning the district court's granting of a preliminary injunction, held that the district court lacked personal jurisdiction over the defendant in a trademark action because there were no sales related to the alleged unlawful infringing activity in the forum state. *See also More Cupcakes, LLC v. Lovemore LLC*, No. 09 C 3555, 2009 U.S. Dist. LEXIS 88649, at *13 (N.D. Ill. Sep. 24, 2009) ("District courts in Illinois have not premised their exercise of personal jurisdiction based on a website's mere potential to do business but have rather required plaintiffs to show 'evidence that defendant made any sales to Illinois through its interactive website.'"); *Richter v. Instar Enterprises International, Inc.*, 594 F. Supp. 2d 1000, 1013 (N.D. Ill. 2009).

Because the aforementioned defendants have had *zero sales* of the allegedly infringing goods in Illinois, they are not subject to personal jurisdiction in this forum and the action as to and against them must be dismissed.

Relatedly, in order for a "preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant." *Advanced Tactical*, 751 F.3d at 800. Because there is no personal jurisdiction over defendants that have had zero sales in Illinois, Plaintiffs are therefore also not entitled to a preliminary injunction against said defendants.

## II. PLAINTIFFS HAVE FAILED TO SHOW IRREPARABLE HARM AND HAVE AN ADEQUATE REMEDY AT LAW

In addition, in every case where a plaintiff seeks a preliminary injunction, the moving party must "make three showings: likelihood of success on the merits; no adequate remedy at law; and irreparable harm prior to resolution of its claims." *Bump Health, Inc. v. Miss to Mrs*

4

*Wedding Gifts, Inc.*, No. 23 C 4101, 2023 U.S. Dist. LEXIS 196873, at *4 (N.D. Ill. Nov. 2, 2023).

Plaintiffs here cannot demonstrate irreparable harm or there being no adequate remedy at law. While "[t]raditionally the Seventh Circuit applied a presumption that when a plaintiff sufficiently establishes trademark infringement, the plaintiff will suffer irreparable harm and have no adequate remedy at law absent an injunction" this presumption "was called into doubt when the Supreme Court rejected the same presumption in patent infringement cases" and the Seventh Circuit "subsequently did away with [the presumption] in copyright cases." *Mechling v. Operator of Website Muaythaifactory*, No. 21-cv-01538, 2021 U.S. Dist. LEXIS 165876, at *23 (N.D. Ill. Sep. 1, 2021). *Regardless*, the presumption of irreparable harm arises from the "difficulty of quantifying the likely effect on a brand of a nontrivial period of consumer confusion" and the "interval between the filing of a trademark infringement complaint and final judgment." *Id*.

None of these factors are present in this case.

As stated in the accompanying declarations, all of the Defendants have permanently discontinued the sale of any of the allegedly infringing goods at issue in this case, and will not resume said sales. For the purposes of granting, or denying, an injunction, the Court can "consider the voluntary discontinuation of an alleged infringement." *Blue Coral, Inc. v. Turtle Wax, Inc.*, 664 F. Supp. 1153, 1164 (N.D. Ill. 1987); *see also M-F-G Corp. v. Emra Corp.,* 817 F.2d 410, 411 (7th Cir. 1987) ("Voluntary discontinuation of the offending conduct does not invariably make a case moot, but it may make entry of an injunction unnecessary if there is little likelihood of recurrence.").

*In addition*, Zero-Miracle Network Limited, Mind E-commerce Co., Limited, Amgo Technology Co., Limited, and Husdow Technology Co., Limited are all Hong Kong based companies. Plaintiffs are only entitled to injunctive relief because they may recover as an equitable remedy the illegal profits gained through the distribution of infringing goods. 15 U.S.C. § 1117(a). An asset freeze may be employed in certain cases because of a presumption that defendants may "hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained." *Kay v. Individual*, No. 22-cv-3033-RJD, 2023 U.S. Dist. LEXIS 117379, at *9 (S.D. Ill. Apr. 14, 2023). However Courts in the United States have long recognized that Hong Kong is a "sister common law jurisdiction with procedures akin to our own." *Pyrenee, Ltd. v. Wocom Commodities*, 984 F. Supp. 1148, 1162 (N.D. Ill. 1997); *Dragon Capital Partners L.P. v. Merrill Lynch Capital Services*, 949 F. Supp. 1123, 1129 (S.D.N.Y. 1997). The same rationale that may apply to an entity located in Mainland China therefore may not apply with the same force to one that is based in Hong Kong.

### III. THE ASSET FREEZE MUST BE LIMITED TO THE SALES REVENUE OF THE ALLEGEDLY INFRINGING PRODUCTS

Should the Court continue to maintain an injunction," the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief." *Antsy Labs, LLC v. Individuals*, No. 21 C 3289, 2022 U.S. Dist. LEXIS 212406, at *12 (N.D. Ill. Nov. 23, 2022). If the amount of profits is known, then the asset freeze should apply only to that specific amount "and no more." *Id*.

It is critical to note that while it is proper to freeze assets to preserve Plaintiffs' "right to an equitable accounting of profits from sales of goods infringing its trademarks," a preliminary

6

asset freeze cannot be imposed to preserve plaintiff's ability "to collect any judgment it later obtains." *Eicher Motors Ltd. v. Individuals, Corps., LLCs, P'ships, & Unincorporated Associations Identified on Schedule A*, No. 22-cv-2458, 2022 U.S. Dist. LEXIS 137792, at *6 (N.D. Ill. Aug. 3, 2022). The Court should not take into consideration statutory damages as "statutory damages are a remedy at law, not a remedy in equity" and the use of frozen assets for the recovery of *statutory damages* are therefore inappropriate. *Zorro Productions, Inc. v. Individuals*, No. 23-cv-5761, 2023 U.S. Dist. LEXIS 226550, at *10 (N.D. Ill. Dec. 20, 2023).

Defendants in Exhibit A have provided data with respect to all allegedly infringing sales, both in Illinois and the United States overall.

Plaintiffs' injunctive relief, which relates to Plaintiffs' claims for *equitable relief* as opposed to any remedy at law such as statutory damages, should therefore be capped at the total volume of sales of the allegedly infringing goods, subject to *further downward modification* once Defendants are able to produce specific data to the Court as to the amount of *profits* derived from the sale of the allegedly infringing goods. *At the moment*, the amount of money in Defendants' Paypal accounts that have been frozen are vastly disproportionate to the amount of sales of the allegedly infringing goods by several orders of magnitudes, and far above and beyond any equitable relief Plaintiffs may be entitled to.

## IV. **PLAINTIFFS ARE NOT LIKELY TO PREVAIL ON THE MERITS**

Lastly, Defendants here repeat and reiterate the same arguments raised by the other defendants in this case including those by Defendants No. 22 Snappok, No. 92 Snappok, No. 53 foltrend, No. 57 Giftnii, No. 64 Hugotok, and No. 94 Social.Shop in opposition to Plaintiffs' motion on the grounds that Plaintiffs' are not likely to prevail on the ultimate merits of Plaintiffs' case.

## **CONCLUSION**

For these reasons, Defendants respectfully ask that the Court dismiss this action as to all Defendants without sales in Illinois, including Defendants: bulk-supplement.com, cleverwhalego.com, easy-cheap-go.com, brightmeteors.com, tenderplanets.com, vigourgagem.com, validityi.com, fairytaleorama.com, elisastuff.com, funinyo.com, musicianp.com, bless-eternity.com, coherentm.com, embroideryn.com, formlurgous.com, generallyt.com, unfolbatle.com, and converselyt.com; or at minimum, Defendants elisastuff.com, funinyo.com, musicianp.com, coherentm.com, embroideryn.com, formlurgous.com, generallyt.com, and unfolbatle.com; deny Plaintiffs' motion for a preliminary injunction; or if upon granting Plaintiffs' motion for a preliminary injunction, limit the asset freeze pursuant to the amounts as listed in Exhibit A reflecting the total sales volume of the allegedly infringing products by Defendants in the United States.

Dated: New York, New York
        January 4, 2024

                                      Respectfully Submitted,

                                      By: /s/ Jacob Chen
                                            Jacob Chen, Esq.
                                      DGW KRAMER LLP
                                      One Rockefeller Plaza; Suite 1060;
                                      New York, NY 10020
                                      Tel: (917) 983-2806
                                      Fax: (917) 633-6183
                                      Email: jchen@dgwllp.com

*Attorneys for Defendants bless-eternity.com; brightmeteors.com; bulk-supplement.com; cleverwhalego.com; coherentm.com; converselyt.com; easy-cheap-go.com; elisastuff.com; embroideryn.com; fairytaleorama.com; formlurgous.com; funinyo.com; generallyt.com; institutionk.com; musicianp.com; tenderplanets.com; tonal-diamond.com; unfolbatle.com; validityi.com; vigourgagem.com; winterduet.com*