IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEDDY STRATFORD APPAREL LLC, and BRYAN DAVIS, | ) ) ) Case No. 23-10799 |
| Plaintiffs, | ) ) |
| vs. | ) Judge: Andrea R. Wood ) ) |
| THE ENTITIES listed on EXHIBIT 1, | ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiffs Teddy Stratford Apparel LLC and Bryan Davis (collectively, the "Plaintiff") submit the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the Defendants listed in Exhibit A to the Motion (collectively, the "Defaulting Defendants"). The Defaulting Defendants have been accused of trademark infringement, copyright infringement, patent infringement, unfair competition and false designation of origin, violation of the Illinois Uniform Deceptive Trade Practices Act, and violation of the Illinois Right to Publicity Act. Excluded from this motion are defendants who have settled with Plaintiff or been voluntarily dismissed, or who have entered an appearance in this Case.

Based on the appearances of multiple groups of defendants with common ownership, Defaulting Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using the Plaintiff's trademarks (the "Counterfeit/Infringing Products") in the same transaction, occurrence, or series of transactions or occurrences. Defaulting Defendants conduct business throughout the

United States, including within the State of Illinois and this Judicial District, through the operation of fully interactive commercial websites and online marketplaces operating under the Online Marketplace Accounts (collectively, the "Defendant Internet Stores"). Each Defaulting Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell Counterfeit Products to consumers within the United States, including the State of Illinois.

Plaintiff filed this action on June 22, 2023, alleging trademark infringement and seeking statutory damages and injunctive relief. (Dkt. #1.) On July 21, 2023, this Court granted Plaintiff' *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO"). (Dkt. #17.)

The TRO permitted Plaintiff to complete service of process to Defendants by email at addresses provided by the ecommerce platforms, i.e., PayPal, Amazon, Wal-Mart, etc. The Defendants identified in Amended Schedule A were properly served with a copy of the Complaint and Summons on December 4, 2023. (Dkt. #31.) None of the remaining Defaulting Defendants have entered an appearance or otherwise defended this action.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on all Counts of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff further seeks an award of statutory damages as authorized by 17 U.S.C. § 504(c) for willful trademark infringement against each of the Defaulting Defendants for infringing the Plaintiff's trademarks in connection with products sold through each of the Defendant Internet Stores. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products and that all assets in Defaulting Defendants' financial accounts operated by PayPal, Amazon, and Wal-Mart.com, as well as any newly discovered assets, be transferred to Plaintiff.

## DISCUSSION

**I.      JURISDICTION AND VENUE ARE PROPER IN THIS COURT.**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)-(b) and 28U.S.C. §1331. Venue is proper in this Court pursuant to 28 U.S.C. §1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010).

Through at least the fully interactive commercial Internet websites and online marketplace accounts operating under the Defendant Internet Stores, each of the Defaulting Defendants has targeted sales from Illinois residents by operating websites and/or online marketplace accounts that offer shipping to the United States, including Illinois and, on information and belief, has sold Infringing Products to residents within the United States, including Illinois. Many of the websites look sophisticated and accept payment in U.S. Dollars via credit cards and PayPal, Amazon, and Wal-Mart.com. As such, personal jurisdiction is proper since each of the Defaulting Defendants is committing tortious acts in Illinois, is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *See Estee Lauder Cosmetics Ltd. & Make-up Art Cosmetics Inc. v. Ali-Beauties Store, et al.,* No. 1:19-cv-04579 (N.D. Ill. Sept. 12, 2019) (unpublished) (Dkt. No. 49); *Bose Corp. v. Amilineinc, et al.,* No. 1:19-cv-05347 (N.D. Ill. Oct. 9, 2019) (unpublished) (Dkt No. 44); *Eye Safety Systems, Inc. v. 1CN7085, et al.*, No. 1:19-cv-06005 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 49); *Levi Strauss & Co. v. Acinth Girl Hy Store, et al.*, No. 1:19-cv- 06200 (N.D. Ill. Nov. 19, 2019)

(unpublished) (Dkt No. 48).

## II. PLAINTIFFS HAVE MET THE REQUIREMENTS FOR ENTRY OF DEFAULT.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Defendants were properly served by December 4, 2023. (Dkt. #31.) The remaining Defaulting Defendants, despite having been served with process, have ignored these proceedings, and failed to plead or otherwise defend this action. Accordingly, Plaintiff asks for entry of default and default judgment against the Defaulting Defendants.

## III. PLAINTIFFS HAVE MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

More than twenty-one (21) days have passed since Defendants were served, and no answer or other responsive pleading has been filed by any of the remaining Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court. Plaintiff requests an award of statutory damages as authorized by 17 U.S.C. § 504(c) for willful trademark infringement against each of the Defaulting Defendants for use of infringing imitations of Plaintiff's Marks in connection with products sold

4

through the Defendant Internet Stores. Plaintiff also seeks entry of monetary damages in an amount to be determined by the Court in connection with the Defaulting Defendants' copyright and patent infringement, and violation of the Illinois Right to Publicity Act, as may be applicable to each of the Defaulting Defendants. Plaintiff also seeks a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products and that all assets in Defaulting Defendants' financial accounts operated PayPal, Amazon, and Wal-mart.com and any newly identified accounts be transferred to Plaintiff.

## IV. PLAINTIFFS ARE ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF.

The awarding of statutory damages serves dual interests in that it is remedial in nature, but also intended to protect an important public interest. Given the broader economic losses and harm to the job market caused by counterfeiting, coupled with the possible dangers to consumers who are tricked into purchasing low quality, counterfeit products over the Internet, it is important to both penalize defendants and try to deter future violations.

### A. Statutory Damages Are Appropriate in this Case.

Under the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. §1117(c)(1). When the Court determines that the counterfeiting is willful, 15 U.S.C. §1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. §1117(c)(2).

Plaintiff further seeks an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful copyright infringement against each of the Defaulting Defendants for use of

infringing and counterfeiting the ANNE STOKES Copyrights in connection with products sold through each of the Defendant Internet Stores. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit/Infringing Products and that all assets in Defaulting Defendants' financial accounts operated by Alibaba, Aliexpress and Alipay as well as any newly discovered assets, be transferred to Plaintiff.

The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *See Petmed Express, Inc. v. medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008).

  **B.**  **Defendants' Counterfeiting Was Willful.**

As alleged in Plaintiff's Complaint, Defaulting Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Plaintiff's products. Pursuant to 17 U.S.C. § 504(c)(3)(A), a counterfeiting violation is presumed willful "for purposes of determining relief if the violator ... knowingly provided ... materially false contact information to a domain name registrar...." 17 U.S.C. § 504(c)(3)(A). Many of the Defaulting Defendants Internet Stores look sophisticated and often include images and design elements that make it very difficult for consumers to distinguish the counterfeit sites from the authorized website. Thus, willfulness is presumed in the instant case under 17 U.S.C. §504(c)(3)(A).

Even without the statutory presumption, it is clear that Defaulting Defendants' counterfeiting was willful. "Willful infringement may be attributed to the defendant's actions

6

where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.,* 2004 LEXIS 22563, *19-20 (N.D. Ill. Feb. 25, 2005). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* at 20. In the instant case, Defaulting Defendants clearly had knowledge that their activities constituted infringement or at least a reckless disregard for Plaintiff's rights.

Finally, District Courts have deemed infringement willful when defendants default. *See Estee Lauder Cosmetics Ltd. & Make-up Art Cosmetics Inc. v. Ali-Beauties Store, et al.,* No. 1:19-cv-04579 (N.D. Ill. Sept. 12, 2019) (unpublished) (Dkt. No. 49); *Bose Corp. v. Amilineinc, et al.,* No. 1:19-cv-05347 (N.D. Ill. Oct. 9, 2019) (unpublished) (Dkt No. 44); *Eye Safety Systems, Inc. v. 1CN7085, et al.*, No. 1:19-cv-06005 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 49); *Levi Strauss & Co. v. Acinth Girl Hy Store, et al.*, No. 1:19-cv-06200 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 48).

### C. Statutory Damages Award Is Appropriate and Just.

Courts have awarded high damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (high damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising"). Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco Co.,* 2004 U.S. Dist.

LEXIS 22563, *16.

### D. Plaintiff is Entitled to Permanent Injunctive Relief.

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's trademark rights, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new websites and online marketplace accounts that are identified, found to be linked to Defaulting Defendants, and selling Counterfeit Plaintiff's Products. *See Estee Lauder Cosmetics Ltd. & Make-up Art Cosmetics Inc. v. Ali-Beauties Store, et al.*, No. 1:19-cv-04579 (N.D. Ill. Sept. 12, 2019) (unpublished) (Dkt. No. 49); *Bose Corp. v. Amilineinc, et al.*, No. 1:19-cv-05347 (N.D. Ill. Oct. 9, 2019) (unpublished) (Dkt No. 44); *Eye Safety Systems, Inc. v. 1CN7085, et al.*, No. 1:19-cv-06005 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 49); *Levi Strauss & Co. v. Acinth Girl Hy Store, et al.*, No. 1:19-cv-06200 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 48).

### CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of one hundred thousand dollars ($200,000) per Defaulting Defendant pursuant to 17 U.S.C. §504(c), monetary damages for copyright and patent infringement and violation of the Illinois Right to Publicity Act, and enter a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products and transferring all assets in Defaulting Defendants' financial accounts.

Respectfully submitted,

By: /s/ Patrick M. Jones
    Patrick M. Jones, one of
    the Attorneys for Plaintiff

**AEGIS LAW**

Patrick M. Jones (IL #6271256)
Christopher A. Thornton (IL #6239332)
Caroline Devereaux
Willis Tower
233 South Wacker Drive, 44th Floor
Chicago, Illinois 60606
Tel: (312) 329-0010
Email: pjones@aegislaw.com
Email: cthornton@aegislaw.com
Email: cdevereaux@aegislaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Memorandum was electronically filed with the Clerk of the Court, served by publication and email to the Defendants and served on all counsel of record and interested parties via the CM/ECF system on JANUARY 4, 2024.

*/s/ Patrick M. Jones*