#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

| | |
|---|---|
| TEDDY STRATFORD APPAREL LLC, and BRYAN DAVIS, | ) ) ) Case No. 23-10799 |
| Plaintiffs, | ) ) |
| vs. | ) Judge: Andrea R. Wood ) ) |
| THE ENTITIES listed on EXHIBIT 1, | ) ) ) |
| Defendants. | ) |

#### STATUS REPORT

In advance of the hearing on the Plaintiffs' Motion for Entry of a Preliminary Injunction (Dkt. #26), the Plaintiffs and their counsel would like to inform the Court of the following;

1. **Service of Process:** Plaintiffs served 172 of the 183 Defendants listed on Amended Exhibit 1 via email. Alibaba (ipr_ustro@service.alibaba.com) and AliExpress (IPR-USTRO@aliexpress.com) have not provided contact information for the eleven (11) Defendants hosted on their platforms (and Plaintiffs' counsel continues to work with them to collect that information). Alibaba and AliExpress have, however, confirmed that they forwarded copies of the complaint, summons, motion for preliminary injunction, and notice of hearing set for January 10, 2023, at 10:30 am CST with the call-in number, to their customers.

Plaintiffs were unable to serve the following Defendants and filed a Notice of Voluntary dismissal of these Defendants (Dkt. #44), without prejudice:

| 3 | ZouYuanTao |
|---|---|
| 12 | Breezyard |
| 44 | LUCKY DOG Grocery |
| 143 | discountbloc.ru |

| | |
|---|---|
| 153 | Lindaflors |
| 158 | Otrnton.Top |
| 161 | Statloveov |
| 167 | Yiqingling Trading Co.Ltd |
| 168 | MLQIDK |
| 169 | CF TQWQT |
| 173 | jiaozhu_0 |

Plaintiffs have been unable to serve the following Defendants and will file a Notice of Voluntary dismissal of these Defendants, without prejudice:

| | |
|---|---|
| 10 | Bluerave |
| 48 | Enzova |
| 65 | Hulaline |
| 79 | Olednova |

Plaintiffs have agreed to voluntarily dismiss all claims without prejudice against the following Defendants, none of which have filed an answer, or motion for summary judgment:

| | |
|---|---|
| 26 | wanjunlo |
| 27 | New Beautiful Girl |
| 28 | Lovely&girls |
| 29 | chstock88 |
| 31 | chuqin-62 |
| 32 | anime_de_store |
| 33 | yunhu9804 |
| 34 | hothair8811 |
| 35 | zhut_4666 |
| 36 | Mel Stylish Shop |
| 37 | fashionshoes8815 |
| 38 | huahuo-61 |
| 39 | littlegirlsshop |

| | |
|---|---|
| 40 | weiz-2 |
| 41 | Fashion's hair accessories |
| 42 | nangguan_97 |
| 43 | liming_438 |
| 45 | Beautiful Moment |
| 82 | prehomemart |
| 83 | tarlyrano |
| 89 | Selectflory |
| 91 | Sigriton |
| 113 | Winterduet-1 (2231223371505417444) |
| 118 | Minquan Kangsheng Trading Co. ARR7EOCG0MLSH |
| 121 | Friyur A38NR2GHVDT3CI |
| 123 | PePPertii |
| 125 | BigReYe |
| 126 | JaneEing |
| 127 | BigEyeStore |
| 128 | LEYJOKE |
| 131 | yiburuxin |

All other Defendants were served directly by Plaintiffs at the email addresses on the Defendants' websites or provided by the ecommerce platforms, or indirectly by Alibaba and AliExpress.

**2. Bless-eternity Group Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #70).**

Defendants bless-eternity.com (#8), brightmeteors.com (#14), bulk-supplement.com (#16), cleverwhalego.com (#18), coherentm.com (#134), converselyt.com (#19), easy-cheap-go.com (#24), ellastuff.com (#46), embroiderny.com (#47), fairytaleoroma.com (#50), formlurgous.com (#54), funinyo.com (#144), generallyt.com (#56), institutionk.com

3

(#66), musicianp.com (#75), tenderplanets.com (#97), tonal-diamond.com (#101), unfolbatle.com (#106), validityi.com (#107), vigourgagem.com (#108), and winterduet.com (#110) (collectively, the "bless-eternity Group") have filed a joint Motion to Dismiss for lack of jurisdiction based on the undocumented claims of some of the members of the group that they did not have any sales of the infringing product in the United States.

The Defendants in this matter can be broken down into four (4) categories: 1) those who admit selling the allegedly infringing products in Illinois; 2) those who admit selling the allegedly infringing products in the United States, but not into Illinois specifically; 3) those who claim not to have sold any allegedly infringing products in the United States, but admit to selling allegedly infringing products outside the United States; and 4) those who claim that they have never sold any allegedly infringing products. The jurisdictional arguments for each category differ.

Plaintiffs recommend that the Court establish the attached briefing schedule and set a hearing on the issue of jurisdiction. Plaintiffs and the Defendants can brief the Court regarding each of the categories of Defendants above and call the Court's attention to any special circumstances in the process.

3. **Oppositions to Motion for Preliminary Injunction.** The following Defendants have responded in opposition to Plaintiffs' Motion for Preliminary Injunction:

   a. **Social Shop, LLC (94).** Plaintiffs have settled with this Defendant and filed Notice of Voluntary Dismissal (Dkt. 54).

   b. **Hilicensce (Dkt. #41).** Plaintiffs have settled with this Defendant and filed Notice of Voluntary Dismissal (Dkt. 54).

4

    c. **Snappok Group [Hugotok (64), Snappok (22), Snappok (92), foltrend (53), giftnii (57)] (Dkt. #42).** Snappok Group argued broadly that Plaintiffs' two trademark infringement claims, two patent infringement claims, multiple copyright infringement claims, and Bryan Davis misappropriation of likeness claim, have no likelihood on the success of their merits. These arguments are addressed by the Plaintiffs' reply.

    The Snappok Defendants have supported their opposition to the Preliminary Injunction with declarations of the various business managers stating the number and amounts of allegedly infringing items sold in Illinois and the United States. None of the Defendants provided any information about any other assets restrained by the TRO. In Plaintiffs' opinion it is impossible for the Court to determine from the information provided which, if any, assets are unrelated to the alleged infringing activities in the Complaint. Furthermore, the information that has been provided, is not a form that can be readily verified. Tables of data in various PDF formats cannot be accurately verified without significant effort. Finally, counsel for the Snappok Group agreed to produce information regarding spending on advertising related to the allegedly infringing websites, Plaintiffs have not received any such information from any of the Defendants.

    d. **Seyoily (90), hibybuy (61), and leancey (153) (Dkt. #38).** Upon information and belief these Defendants are represented by the same counsel and have joined the Snappok Group.

    e. **Jacksman (69), Snappok Shop (93), Stilches (95) (Dkt. #56).** These Defendants have filed a separate motion in opposition to the Preliminary Injunction. They make arguments similar to those made by the Snappok Group.

    f. **Bless-eternity Group (Dkt. #71).** The Chen Group has filed a memorandum of law in support of its opposition to the Preliminary Injunctions (Dkt. #80). The arguments are substantially similar to those raised by the Snappok Group.

Plaintiffs recommend that the Court issue a discovery order, establish the attached briefing schedule, and set an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction so the Court can accurately determine the identity and nature of the assets restrained by the TRO, the full extent of the Defendants' counterfeiting activities, and review Plaintiffs' evidence of actual consumer confusion occasioned by Defendants' conduct.

    4. **Notice of Motion for Entry of Default (Dkt. #74).** Plaintiffs have filed a motion and notice of same for entry of default against defendants who have been served but have not responded. Notice of the hearing originally set for January 10, 2024 at 10:15 am CST sent to the Defaulting Defendants. Counsel did not have time to update them.

    Respectfully submitted,

    By:   /s/ Christopher A. Thornton
           Christopher A. Thornton
           Counsel for the Plaintiffs

**AEGIS Law**

Patrick M. Jones (IL #6271256)
Christopher A. Thornton (IL #6239332)
Willis Tower
233 South Wacker Drive, 44th Floor
Chicago, Illinois 60606
Tel: (312) 329-0010
Email: pjones@aegislaw.com
Email: cthornton@aegislaw.com

## CERTIFICATE OF SERVICE

    I, Christopher A. Thornton, certify that a copy of the foregoing was served by the Court's ECF system on January 10, 2024, on all parties who have filed an appearance in this case.

                                          /s/ Christopher A. Thornton

**Plaintiffs' Proposed Scheduling Order**

| Event | Deadline |
|---|---|
| Plaintiffs shall issue discovery requests for evidence pertaining to:<br>i) the identity and nature of the assets restrained by the TRO,<br>ii) the ownership of the Defendants and any common interests,<br>iii) evidence of actual consumer confusion in the purchase and/or the attempted purchase of allegedly infringing products | January 11, 2024 |
| Defendants shall respond to discovery requests from Plaintiffs. | January 17, 2024 |
| Defendants shall submit/supplement memoranda in support of any Defendant's Motion to Dismiss for lack of jurisdiction. | January 18, 2024 |
| Plaintiffs shall submit/supplement memoranda in opposition to any Defendant's Motion to Dismiss for lack of jurisdiction. | January 24, 2024 |
| Plaintiffs shall submit/supplement materials in support of their Motion for Preliminary Injunction. | January 25, 2024 |
| The Court will issue its decision on any Defendant's Motion to Dismiss for lack of jurisdiction. | January 31, 2024 |
| Defendants shall submit/supplement materials in opposition to Plaintiffs' Motion for Preliminary Injunction. | February 1, 2024 |
| Court will hear evidence and arguments regarding Plaintiffs' Motion for Preliminary Injunction. | Week of February 5 – 9, 2024 |