UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Davis et al., | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:23-cv-10799 |
| v. | ) |
| | ) Hon. Judge Andrea R. Wood |
| The Entities listed on Exhibit 1, | ) |
| | ) Mag. Judge Gabriel A. Fuentes |
| | ) |
| Defendants. | ) |

**Defendants' Motion for Leave to File Under Seal**

**NOW COME** defendants No. 22 Snappok, No. 92 Snappok, No. 53 foltrend, No. 57 Giftnii, No. 64 Hugotok, Jacksman (69), Snappok Shop (93), and Stilches (95), by and through their undersigned counsel, hereby requests leave to file their motion to enforce settlement agreement, that includes a request to stay discovery [Dkt. 95], under seal. Separately from their opposition to Plaintiff's motion for entry of a preliminary injunction, Defendants engaged Plaintiff in protracted settlements negotiation that, as Defendants submit in their motion [Dkt. 95], resulted in an enforceable settlement. The discussions and details therein involve settlement and terms thereof.

Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. Nixon v. Warner Communications, 435 U.S. 589, 598 (1978). While secrecy in judicial proceedings is generally disfavored, the presumption that materials be open to public view applies "only applies to materials forming the basis of the parties' dispute and the Court's resolution". Baxter Int'l, Inc. v. Abbott Lab'ys, 297 F.3d 544, 548 (7th Cir. 2002). Consistently, settlement agreements which are reached without the Court's intervention also do not enjoy such a presumption. Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 834 (7th Cir. 2013) ("If…the settlement is made without any court action (approval, disapproval, or approval with modifications as in Goesel ) there will rarely be a good

reason to require that its terms be made public, because making them public would not reveal anything about judicial activity."); *See*, LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 220 (3d Cir. 2011) ("[S]ettlement agreements reached without court assistance or intervention will not be treated as judicial records for purposes of the right of access doctrine.") (internal quotes omitted).

Defendants' motion pertains only to them and Plaintiff, and not other defendants or third-parties. [Dkt. 95]. Maintaining Defendants' motion under seal would not appreciably impair court functions, while allowing public access to the motion would harm the parties' legitimate privacy interests in their confidential settlement discussions. *See*, United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 857 (2d Cir. 1998) (approving the sealing of settlement documents and drafts because of, inter alia, the court's responsibility to encourage and facilitate settlement); *See*, Citigroup, Inv. v. Abu Dhabi Inv. Auth., 2013 WL 6171315, at *7 (S.D.N.Y Nov. 25, 2013) (sealing exhibits which "played no role" in adjudication of a motion to compel arbitration "which turned almost exclusively on the…arbitration clause"). Plaintiff, who on January 31, 2024 was been served with the motion to enforce and was asked whether it would oppose this motion to seal (a response was not provided before filing), will have an opportunity to respond to it and the motion does not concern any public officials; merely off-record settlement discussions.

**WHEREFORE**, Defendants respectfully request this Honorable Court to enter Defendant's motion and exhibits [Dkt. 95, 95-1, 95-2] under seal.

Dated: January 31, 2024

Respectfully submitted,

/s/ Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
adamu@au-llc.com
Ph. (312) 715-7312
*Counsel for Plaintiff*